## CHEROKEE GRAIN CO. et al. v. OSBORNE.

No. 11690—Opinion Filed Oct. 23, 1923.

**Landlord and Tenant—Lien on Crop for Rent—Satisfaction.**

The lien given the landlord for rent by section 7363, Comp. Stat. 1921, arises from the relationship between the landlord and tenant, and was given for the purpose of making the landlord, or the person to whom the rent is due, secure in the collection of the rent; and when the rent is paid, or the landlord accepts his portion of the crop and sells it to a third person and no longer looks to the tenant, the lien is satisfied.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Okmulgee County; Lucien B. Wright, Judge.

Action by J. H. Osborne against the Cherokee Grain Company, a corporation, and Joe Bogie. Judgment for plaintiff, and defendants appeal. Reversed.

M. A. Dennis, for plaintiffs in error.

Merwine & Newhouse, for defendant in error.

Opinion by RAY, C. Plaintiff brought this action to recover as against the defendant Joe Bogie for the alleged wrongful conversion of a number of tons of hay, and as against the Cherokee Grain Company, for the value of the hay and damages, upon the ground that it had bought the hay upon which plaintiff had a landlord's lien for rent due and unpaid. Plaintiff recovered against both defendants for the value of the hay in the sum of. $228, and $215 damages, and defendants appeal.

The facts necessary to an understanding of the questions presented are these: The plaintiff owned a farm in Okmulgee county occupied by a tenant for the year 1917. The plaintiff and the tenant, in the presence of the defendant Bogie, agreed that the tenant was entitled to three-fourths of the hay and the plaintiff one-fourth, and they entered into an oral agreement with the defendant Joe Bogie to sell him the hay at $8 per ton, to be measured after the hay had stood in the rick 30 days. After the hay had stood in the rick 30 days, Bogie and the tenant measured the hay and concluded that the ricks contained 134 tons.

Bogie paid the tenant for his part, amounting to $927, and about October 30, gave the plaintiff a check for $309, the amount due him for his one-fourth. Plaintiff accepted the check and deposited it in his bank to be collected in due course. The check was returned not paid for want of funds. Plaintiff says he then called Bogie over the phone and told him the check had been returned not paid; that Bogie then asked him to return it through the bank, which he refused to do, but told him that if he wanted the hay he would have to come and pay for it. Bogie denies this conversation. But about the last of November plaintiff returned the check to Bogie with a letter telling him that he was going to sell the hay to some one else. In the mean time, Bogie had the hay baled at a cost to him of about $5 per ton. About the last of December Bogie sold the hay to the defendant Cherokee Grain Company, and delivered it at the railroad station at Eram. Plaintiff learned the hay was being shipped out and went to the station and found two or three carloads of the hay stacked near the track ready for shipment, and notified J. R. Raupe, the agent of the Cherokee Grain Company, who had bought the hay, that he claimed a landlord's lien on the hay for rent and not to ship it out. The hay was loaded and shipped out that night to the Cherokee Grain Company at Oklahoma City. The plaintiff then brought this action against Bogie and the Grain Company, relying upon section 7365, Comp. Stat. 1921, which is as follows:

"The person entitled to rent may recover from the purchaser of the crop, or any part thereof, with notice of the lien, the value of the crop purchased, to the extent of the rent due and damages."

This section must be construed together with sections 7363, 7364, 7366 and 7367.

"Sec. 7363. Any rent due for farming land shall be a lien on the crop growing or made on the premises. Such lien may be enforced by action and attachment therein, as hereinafter provided."

"Sec 7364. When any such rent is payable in a share or certain proportion of the crop, the lessor shall be deemed the owner of such share or proportion, and may, if the tenant refuse to deliver him such share or proportion, enter upon the land and take possession of the same, or obtain possession thereof by action of replevin."

Section 7366 provides that when any person liable to pay the rent undertakes to remove his property or crops from the leased premises, the person to whom the rent is owing may enforce the collection of the rent by attachment.

Section 7367 provides the method and procedure for the attachment.

These sections were included in chapter 17, Session Laws of 1901, entitled "An Act relating to landlords and tenants," and constitute what is known as the "landlord's lien law." It was said in Dorsett v. Watkins, 59 Okla. 198, 158 Pac. 608:

"The lien given the landlord for rent by section 3806 (7363 Comp. Stat. 1921) is not dependent upon a written contract but arises from the relationship between the landlord and tenant."

The statute affords no lien where the relation of landlord and tenant does not exist. From the time the crop is seeded till the rent is paid the entire crop appears to be impressed with the lien, but when the rent is paid the lien is satisfied. The lien is impressed on the crop grown on the premises for the sole purpose of making the one to whom the rent is due secure in the collection of the rent. The purpose appears to be to prevent the tenant from disposing of the crop to the detriment of the one to whom the rent is due. Is this such a case? Is this action for the purpose of collecting the rent due, or to recover the purchase price of property sold by the landlord? In this case the tenant is in no way involved. There is no controversy between the landlord and the tenant. The controversy is between the landlord and Bogie, to whom he, the landlord himself, and not the tenant, contracted to sell the hay. According to the plaintiff's petition and his testimony on the trial, the tenant sold and delivered his three-fourths only, and the plaintiff contracted to sell his one-fourth. The controversy here arises out of nonpayment of the check given to the landlord, and accepted by him as payment for his one-fourth. The tenant was in no way involved in the sale of the plaintiff's one-fourth of the hay. While they were together and joined in the sale to Bogie, it was understood at the time that Bogie should pay the tenant for his three-fourths and pay the plaintiff for his one-fourth. The relation of landlord and tenant is not involved. We think the plaintiff had no landlord's lien to be enforced at the time this action was commenced. It follows that the plaintiff has no cause of action against the Cherokee Grain Company. The plaintiff was awarded damages above the value of the hay against both defendants under section 7365, and the case must be reversed as to the defendant Bogie.

The judgment is reversed with directions to set aside the judgment and verdict of the jury, and to dismiss the petition as to defendant Cherokee Grain Company, and grant the defendant Joe Bogie a new trial.

By the Court: It is so ordered.